**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| OCTAVIOUS WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:26-CV-6 (LAG) |
| | : | |
| Warden DESHAWN JONES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

*Pro se* Petitioner Octavious Williams, a prisoner in Augusta State Medical Prison in Grovetown, Georgia filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his November 7, 2001 criminal conviction in the Dougherty County Superior Court for two counts of armed robbery. (Doc. 1). This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides that

> [t]he clerk must forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

A review of the Court's records reveals that Petitioner previously filed a federal habeas petition in this Court challenging his November 7, 2001 criminal conviction in the Dougherty County Superior Court for two counts of armed robbery and that petition was dismissed as untimely. *See Williams v. Smith*, Case No. 1:07-CV-68 (M.D. Ga. Jan. 14, 2008) (Doc. 15). Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The instant petition challenges the legality of the same state court

judgment that was the subject of the first § 2254 action filed by Petitioner. Petitioner's previous petition qualified as a first petition for the purpose of determining successor status because the Court dismissed it as untimely. *Hutcherson v. Riley*, 468 F.3d 750, 752, 755 (11th Cir. 2006); *Gipson v. Sec'y, Dep't of Corr.*, 784 F. App'x 683, 683 (11th Cir. 2019) (per curiam) (citation omitted) (upholding district court's dismissal of habeas petition as "second or successive because it challenged the same judgment at issue in his first § 2254 petition, which was denied as time-barred"). The current petition is, therefore, second or successive.

Petitioner does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition (Doc. 1), nor has a review of the records on Public Access to Court Electronic Records (PACER) reveal any such permission was granted by the Eleventh Circuit. This failing operates as a jurisdictional bar that precludes this Court from considering the merits of the current petition. *See* U.S.C. § 2244(b)(3)(A); *Holland v. Sec'y Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019) (finding that the district court is without jurisdiction to consider a second or successive petition on the merits and must dismiss it). It is therefore **ORDERED** that the Petition be **DISMISSED** without prejudice to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3). Because this civil action is dismissed, Petitioner's motions to proceed in forma pauperis (Doc. 2) and requests for appointed counsel (Docs. 4, 5) are **DENIED as moot**.

## SANCTIONS WARNING

Since his initial petition was dismissed as untimely in 2007, Petitioner has filed more than four dozen (48) habeas petitions in this Court without seeking approval from the Eleventh Circuit to do so. *See Williams v. Jones*, 1:25-cv-83-LAG-ALS (M.D. Ga. July 18, 2025) (listing some of these cases). Most concerning is that Petitioner filed twelve such frivolous petitions in 2025 alone. *See Williams v. Jones*, 1:25-cv-9-LAG-ALS (M.D. Ga. Jul. 18, 2025); *Williams v. Jones*, 1:25-cv-43-WLS-ALS (M.D. Ga. Apr. 8, 2025); *Williams v. Jones*, 1:25-cv-58-WLS-ALS (M.D. Ga. Apr. 29, 2025); *Williams v. Jones*, 1:25-cv-80-LAG-ALS (M.D. Ga. Aug. 8, 2025); *Williams v. Jones*, 1:25-cv-83-LAG-ALS (M.D. Ga.

July 18, 2025); *Williams v. Jones*, 1:25-cv-97-LAG-ALS (M.D. Ga. Aug. 14, 2025); *Williams v. Jones*, 1:25-cv-116-LAG-ALS (M.D. Ga. Sep. 18, 2025); *Williams v. Jones*, 1:25-cv-124-LAG-ALS (M.D. Ga. Sep. 22, 2025); *Williams v. Jones*, 1:25-cv-130-LAG-ALS (M.D. Ga. Oct. 15, 2025); *Williams v. Jones*, 1:25-cv-131-LAG-ALS (M.D. Ga. Oct. 15, 2025); *Williams v. Jones*, 1:25-cv-138-LAG-ALS (M.D. Ga. Nov. 5, 2025); *Williams v. Jones*, 1:25-cv-160-LAG-ALS (M.D. Ga. Dec. 11, 2025).

The Eleventh Circuit recognizes that restricting a litigant's ability to file lawsuits can be "necessary and prudent to protect the rights of all litigants in the federal system" when a litigant repeatedly abuses his filing rights. *Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986). "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time," and when a litigant repeatedly submits a flood of claims, "the claims of other litigants necessarily suffer." *Id.* at 1072. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Id.* at 1073 (citing *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2nd Cir. 1984), *cert. denied*, 474 U.S. 1061 (1986)).

"Access to the courts is unquestionably a right of considerable constitutional significance," but it is "'neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). "Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons. Frivolous and vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants." *Id.* Accordingly, "district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants". Id. District courts are afforded considerable discretion in designing and drafting measures for such protection. *Shell v. U.S. Dept. of Housing and Urban Development*, 355 Fed. App'x. 300, 308 (11th Cir. 2009). These measures may include but are not limited to dismissals for abuse of the judicial process or a monetary penalty or a prohibition against future pro se filings pursuant to Rule 11 of the Federal Rules of Civil Procedure. Thus, prohibiting the filing of future civil actions without first seeking leave of the court is one of the methods a district court may

utilize to control a repetitive and excessive filer. *Cobble v. U.S. Government*, 816 Fed. App'x 355, 360 (11th Cir. 2020); *Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 514–16 (11th Cir. 1991) (upholding a district court sanction barring future civil actions without prior approval of the court for a plaintiff with a history of frivolous and vexatious litigation); *see also e.g.*, *Allen v. Williams*, 5:25-cv-213-TES-CHW (Doc. 5) (sanctioning abusive filer for a period of one year by barring him from any and all future pro se actions without obtaining prior judicial approval).

If Petitioner files additional frivolous lawsuits, the Court may prohibit him from submitting any filings, in new actions or actions already pending before the Court, without first submitting a petition for leave to file in accordance with instructions detailed in the order issuing the sanction.

**SO ORDERED**, this 14th day of April, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

4